Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6157 | **DATE** | 3/26/2002 |
| **CASE TITLE** | CHAMBERLAIN GROUP vs. INTERLOGIX | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The court adopts the magistrate judge's memorandum opinion and order of February 21, 2002 [41-1] in part. Interlogix's objection [59-1] is sustained. Chamberlain's objection [64-1] is overruled. ENTER MEMORANDUM OPINION AND ORDER.

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 27 2002 date docketed | 76 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| ✓ | Copy to magistrate judge. | | 3/26/2002 date mailed notice | |
| CB | courtroom deputy's initials | 02 MAR 26 PM 5:35 Date/time received in central Clerk's Office | CB7 mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



CHAMBERLAIN GROUP )
)
Plaintiff, ) No. 01 C 6157
)
v. ) Suzanne B. Conlon, Judge
)
INTERLOGIX, INC. )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

The Chamberlain Group, Inc. ("Chamberlain") sues Interlogix, Inc. ("Interlogix") for patent infringement under 35 U.S.C. § 271 *et seq.* Interlogix counterclaims for a declaratory judgment of non-infringement, invalidity, and unenforceability. Chamberlain and Interlogix object to the magistrate judge's February 21, 2002 memorandum opinion and order granting in part and denying in part the parties' cross-motions to compel discovery.

## DISCUSSION

### I. Standard of Review

When the magistrate judge issues a report and recommendation on a nondispositive pretrial matter, the district court must apply a deferential standard of review. The Federal Rules of Civil Procedure provide: "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). A finding is clearly erroneous when the court is left with the definite and firm conviction that a mistake has been committed. *Anderson v. City of Bessemer,*

1



470 U.S. 564, 573 (1985). A magistrate judge's conclusions of law are reviewed *de novo*. *Rajaratnam v. Moyer*, 47 F.3d 922, 924 (7th Cir. 1995). When procedural issues in a patent case are not unique to patent law, courts "apply the law of the circuit in which the district court sits." *In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 802 (Fed. Cir. 2000); *McCook Metals L.L.C. v. Alcoa, Inc.*, 192 F.R.D. 242, 251 (N.D. Ill. 2000).

## II. Implicit Waiver of Attorney-Client Privilege

The magistrate judge held Interlogix's assertion of equitable estoppel and laches defenses waived the attorney-client privilege on Interlogix's attorney opinions on invalidity, unenforceablility, and non-infringement. Interlogix objects to the magistrate judge's order compelling it to produce privileged attorney-client communications.

The Seventh and Federal Circuit Courts of Appeals have not had occasion to address whether the pleading of equitable estoppel and laches defenses constitutes an implicit waiver of attorney-client privilege. In patent cases, judges of this court have reached differing conclusions on whether the assertion of equitable estoppel and laches defenses waives the privilege. *See Videojet Sys. Int'l, Inc. v. Inkjet, Inc.*, No. 95 C 7016, 1997 WL 138008, at *4 (N.D. Ill. Mar. 19, 1997) (Coar, J.) (finding waiver of attorney-client privilege); *THK America Inc. v. NSK Co. Ltd.*, 157 F.R.D. 637, 650 (N.D. Ill. 1993) (Norgle, J.) (same); *see also Southwire v. Essex Group, Inc.*, 570 F. Supp. 643, 645 (N.D. Ill. 1983) (Marshall, J.); *cf. Pittway Corp v. Maple Chase Co.*, No. 91 C 3582, 1992 WL 392584, at *6 (N.D. Il. Dec. 16, 1992) (Zagel, J.) (attorney-client privilege not waived); *Beneficial Franchise, Inc. v. Bank One*, 205 F.R.D. 212, 216 (N.D. Ill. May 8, 2001) (Schenkier, M.J.) (same).

Implicit waiver of attorney-client privilege occurs when the holder of the privilege partially discloses a confidential communication or relies on a legal claim or defense that requires

2

examination of confidential communications. *Lorenz v. Valley Forge Ins. Co.*, 815 F.2d 1095, 1098 (7th Cir. 1987). In support of the magistrate judge's holding, Chamberlain advances *Southwire*, *Videojet*, and *THX America*. In *Southwire*, the court held the assertion of equitable estoppel "coupled with defendant's use of its patent counsel's opinions" to defeat a claim of willful infringement waived attorney-client privilege. *Southwire*, 570 F. Supp. at 649. The court determined the defendant's use of attorney opinions required disclosure of those communications for the plaintiff to refute the equitable estoppel defense. *Id.* Significantly, *Southwire* did not hold the pleading of an equitable estoppel defense alone waived the attorney-client privilege.

In *Videojet*, the court found a waiver of privilege because the defendant relied upon the advice of counsel defense to contest willful infringement. *Videojet*, 1997 WL 138008, at *4. Relying on *Southwire*, the court further stated attorney opinions were necessary for the plaintiff to assess the strength of defendant's reliance on the laches defense. *Id.* Chamberlain contends Interlogix's invocation of the equitable estoppel and laches defenses waives attorney-client privilege. Notably, Interlogix does not advance attorney opinions to defeat a claim of willful infringement. Instead, Chamberlain argues Interlogix's assertion of equitable estoppel and laches involves an inquiry into Interlogix's state of mind – whether Interlogix relied on Chamberlain's conduct in not pursuing an infringement action, or on the advice of its counsel on invalidity, unenforceability, and noninfringement of Chamberlain's patents. To establish equitable estoppel, Interlogix must demonstrate: (1) unreasonable and unexcused delay by Chamberlain; (2) prejudice to Interlogix; (3) affirmative conduct induced Interlogix to believe Chamberlain abandoned its claim; and (4) detrimental reliance. *A.C. Aukerman Co. v. Miller Formless, Co.*, 693 F.2d 697, 701 (7th Cir. 1982). To defeat that affirmative defense, Chamberlain argues attorney-client communications are relevant

to demonstrate Interlogix relied upon the advice of its attorneys in allegedly infringing the patents, not Chamberlain's conduct.

*Videojet* found a waiver of attorney-client privilege because the defendant asserted an affirmative defense of laches, not equitable estoppel. Laches does not require proof of detrimental reliance. *Dentsply Int'l Inc. v. Sybron Corp.*, No. 82 C 3822, 1986 WL 5757, at *3 (N.D. Ill. May 12, 1996). Instead, the laches defense assesses whether a defendant suffered harm because of the plaintiff's delay in filing suit. Thus, a defendant's state of mind is not relevant to a laches defense. *See Advertising to Women, Inc. v. Gianni Versace*, No. 98 C 1553, 1999 WL 608711, at *6 (N.D. Ill. Aug. 4, 1999) (the assertion of a laches defense does not waive attorney-client privilege because it does not require an inquiry into defendant's state of mind). As a result, a defendant's advice of counsel is irrelevant. *Videojet*'s analysis is unpersuasive.

*THX America* held a defendant's pleading of an equitable estoppel defense waived the attorney-client privilege on attorney opinions to prove detrimental reliance. *THX America*, 157 F.R.D. at 650. The court primarily relied on *Southwire*, which did not hold a defendant's mere assertion of equitable estoppel waives attorney-client privilege. *See Pittway Corp. v. Maple Chase Co.*, No. 91 C 3582, 1992 WL 392584, at * 6 (N.D. Ill. Dec. 16, 1992) (noting that *Southwire* did not support waiver of attorney-client privilege based on the pleading of an estoppel defense); *Defendants Beware: Raising the Defense of Estoppel May Waive the Attorney-Client Privilege*, 7 Fed. Cir. B.J. 55, 66 (1997) (noting that *THX America* significantly expanded the implicit waiver doctrine in patent actions). Further, the court stated "evidence of reliance on an opinion of counsel that a particular patent is invalid or not infringed is relevant to the question of estoppel." *Id.* On that basis, the court ordered production of attorney-client communications. *Id.* However, the court failed

to recognize the attorney-client privilege protects confidential communications from disclosure even where those communications are relevant. Relevancy is not the test for an implicit waiver of attorney-client privilege. *See United States v. Zolin*, 491 U.S. 554, 562-63 (1989) (the attorney-client privilege protects relevant, confidential communications). The implicit waiver rule applies "when the client asserts claims or defenses that put his attorney's advice at issue in the litigation." *Garcia v. Zenith Elect. Corp.*, 58 F.3d 1171, 1175 n.1 (7th Cir. 1995). A party must affirmatively use privileged communications to defend itself or attack its opponent in the action before the implicit waiver rule is applicable. *Dawson v. New York Life Insurance Co.*, 901 F.Supp. 1362 (N.D. Ill. 1995) (finding waiver where defendant made representations about the advice of counsel to establish a qualified immunity defense). For example, an assertion of a good faith defense on the advice of counsel in response to a willful infringement claim directly places defendant's advice of counsel at issue and waives privilege. *See Soloman v. Kimberly-Clark Corp.*, No. 98 C 7598, 1999 WL 89570, at *1 (N.D. Ill. Feb. 12, 1999). In contrast, the crux of *THX America*'s holding does not rest on defendant's express reliance on the advice of its counsel. Put another way, defendants did not inject its advice of counsel into contention but merely pled an equitable estoppel defense. *THX America* relied only on the *relevancy* of the attorney-client communications to the equitable estoppel defense in finding an implicit waiver of attorney-client privilege.

In *Beneficial Franchise*, the court held the pleading of equitable estoppel did not waive the privilege in a patent action. Instead, the court determined the privilege is waived only when "a party chooses to utilize the information to advance a claim or defense." *Beneficial Franchise*, 205 F.R.D. at 217. In *Rhone-Poulenc Rorer, Inc. v. Home Indemnity Co.*, 32 F.3d 851, 864 (3d Cir. 1994), the court held "[t]he advice of counsel is placed in issue where the client asserts a claim or defense, and

attempts to prove that claim or defense by disclosing or describing an attorney-client communication." *Rhone-Poulenc* expressly rejected an automatic waiver of privilege when an attorney's opinion is relevant to a claim or defense. The court used a patent case as an example, noting the advice of the defendant's lawyer may be "relevant to the question of whether the infringer acted with a willful state of mind." However, the court recognized "the advice of an infringer's counsel is not placed in issue, and the privilege is not waived, unless the infringer seeks to limit its liability by describing that advice and by asserting that he relied on that advice." *Rhone-Poulenc*, 32 F.3d at 863; *see also Garcia*, 58 F.3d at 1175 n.1(citing *Rhone-Poulenc*).

*Rhone-Poulenc* and *Beneficial Franchise* are persuasive. Chamberlain seeks discovery of Interlogix's attorney-client communications because those opinions could be relevant to refute Interlogix's equitable estoppel defense. Advice of counsel is not "in issue" because it is relevant. *Rhone-Poulenc*, 32 F.3d at 863. Interlogix does not assert advice of counsel as a defense, and it has not used attorney-client communications to prove a claim or defense. Consequently, Interlogix has not waived the attorney-client privilege, and its attorney opinions on Chamberlain's patents are not discoverable. *See also Pittway,* 1992 WL 392584, at *6 (the attorney-client privilege is not waived unless defendant intends to rely on those communications); *Figgie Int'l Inc. v. Wilson Sporting Goods Co.*, No. 86 C 5757, 1987 WL 5235, at *2 (N.D. Ill. Jan. 8, 1987) (where record evidence suggested reliance on counsel's opinion was a genuine fact issue, court allowed discovery of confidential communications).

This approach is consistent with the narrow construction of the implicit waiver rule in non-patent cases. *See e.g. Baker v. General Motors* Corp., 209 F.3d 1051, 1055 (8th Cir. 2000) (at-issue waiver applies "when a client uses reliance on legal advice as a defense or when a client brings a

legal malpractice action"); *Trustmark Ins. Co. v. General & Cologne*, No. 00 C 1926, 2000 WL 1898518, at *7 (N.D. Ill. Dec. 20, 2000) (no waiver of the attorney-client privilege because the plaintiff did not affirmatively rely on advice of counsel); *Hucklo v. City of Oak Forest*, 185 F.R.D. 526, 529 (N.D. Ill. 1999) (physician-psychotherapist privilege was not waived when it was not affirmatively placed into issue); *Harter v. University of Indianapolis*, 5 F.Supp.2d 657, 665 (S.D. Ind. 1998) (recognizing that "when a client files a lawsuit in which his or her state of mind . . . may be relevant, the client does not implicitly waive the attorney-client privilege . . . unless the client relies specifically on advice of counsel to support a claim or defense"); *Makula v. Sanwa Business Corp.*, No. 96 C 7138, 1997 WL 460935, at *2 (N.D. Ill. Aug. 8, 1997) (assertion of an advice of counsel defense waives attorney-client privilege); *Johnson v. Rauland-Borg Corp.*, 961 F.Supp. 208, 211 (N.D. Ill. 1997) (attorney-client privilege waived in a Title VII case where the employer intended to rely on the advice of its counsel); *Haworth, Inc. v. Herman Miller, Inc.*, No. 97 C 877, 1995 WL 1312674, at *4 (W.D. Mich. Jan. 17, 1995) (assertion of the advice of counsel defense waives attorney-client privilege).

A narrow construction of the implicit waiver rule comports with the basic principles of the attorney-client privilege. When the privilege is waived, it is often because confidential communications are the only source of evidence on the disputed issue. *See Pippenger v. Gruppe*, 883 F.Supp. 1201, 1204 (S.D. Ind. 1994). However, Chamberlain may dispute equitable estoppel by contesting the remaining three prongs of the affirmative defense. *Id.* (attorney-client communications are not the only source of relevant information; plaintiff could question defendant on the extent of its reliance on plaintiff's conduct). Furthermore, the choice between pleading an equitable estoppel defense and preserving the attorney-client privilege is unduly harsh when a defendant does not

affirmatively utilize confidential communications. Indeed, "any party asserting a claim or defense on which it bears the burden of proof would be stripped of its privilege and left with the draconian choice of abandoning its claim and/or defense or pursuing or protecting its privilege." *Beneficial Franchise*, 205. F.R.D. at 217. Various affirmative claims and defenses require proof of a defendant's state of mind, including fraudulent inducement claims. *Southwire* was concerned only with situations where a party selectively disclosed privileged information to its advantage but concealed the rest. Those concerns are not present when a defendant pleads an affirmative defense but does not rely on privileged attorney-client communications to prove that defense. Waiving privilege because attorney-client communications are relevant hinders "full and frank communication between attorneys and their clients." *Upjohn Co. v. United States*, 49 U.S. 383, 389 (1981). A broad waiver rule also discourages clients from seeking legal advice by removing the assurance of confidentiality.

Relying on *Videojet* and *Southwire*, the magistrate judge reasoned Interlogix's attorney-client communications were necessary to determine whether it was Interlogix's advice of counsel, not Chamberlain's failure to enforce the patents, that led Interlogix to purportedly infringe the patents. *Chamberlain Gp. Inc. v. Interlogix, Inc.*, 2002 WL 265174, at *1-2 (N.D. Ill. Feb. 21, 2002). The mere assertion of equitable estoppel and laches defenses is insufficient to waive the attorney-client privilege. Accordingly, Interlogix's objection to the magistrate judge's memorandum opinion and order granting Chamberlain's motion to compel answers to interrogatory no. 11 and request to produce no. 4 is sustained to the extent the ruling requires disclosure of Interlogix's privileged attorney-client communications.

## III. Sequencing of Discovery

Chamberlain objects to the magistrate judge's sequencing of discovery. In resolving the parties' cross-motions to compel, the magistrate judge ordered Interlogix to provide Chamberlain with technical and model number information regarding its products; Chamberlain to produce a claim chart; and Interlogix to respond to Chamberlain's interrogatories no. 5 and 6 after its claim chart was completed. Chamberlain's interrogatories no. 5 and 6 request the basis for Interlogix's non-infringement argument.

Chamberlain complains discovery will be delayed by allowing Interlogix to answer interrogatories no. 5 and 6 at a later date. However, Chamberlain may bring a motion to compel if Interlogix delays providing basic technical information in accordance with the magistrate judge's order. Chamberlain must then submit a claim chart before Interlogix is required to respond to interrogatories no. 5 and 6. Thus, Chamberlain will eventually control the speed at which Interlogix responds to its discovery request. Further, the magistrate judge properly managed the discovery dispute between the parties by sequencing discovery. The court may order discovery in a specified sequence "for the convenience of the parties and witnesses and in the interest of justice." Fed. R. Civ. P. 26(d). In interrogatories no. 5 and 6, Chamberlain asked Interlogix to state the manner in which its products do not infringe Chamberlain's patents. The magistrate judge correctly noted: "Interlogix should not have to guess how Chamberlain believes its patents are infringed." *Chamberlain Gp.*, 2002 WL 265174, at *1; *see also Anotonious v. Spalding & Evenflo Co., Inc.*, 275 F.3d 1072, 1073-74 (Fed. Cir. 2002) (noting a plaintiff's pre-filing obligations to construe claims). Chamberlain fails to address the magistrate judge's finding. Finally, Chamberlain will not be prejudiced by submitting a claim chart before Interlogix answers interrogatories no. 5 and 6 because it is obligated to amend

9

its claim chart to include new information. *Chamberlain Gp.*, 2002 WL 265174, at *1-2. Chamberlain fails to demonstrate the magistrate judge's order was clearly erroneous. Accordingly, Chamberlain's objection is overruled.

## CONCLUSION

The court adopts the magistrate judge's memorandum opinion and order of Feburary 21, 2002 in part. Interlogix's objection to the magistrate judge's order granting Chamberlain's motion to compel answers to interrogatories no. 11 and request to produce no. 4 is sustained to the extent the ruling requires disclosure of privileged attorney-client communications. Chamberlain's objection to the sequencing of discovery is overruled.

March 26, 2002

ENTER:

Suzanne B. Conlon
United States District Judge