Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6157 | **DATE** | 4/18/2002 |
| **CASE TITLE** | CHAMBERLAIN GROUP, INC. vs. INTERLOGIX, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's motion to strike expert reports and exclude expert testimony [66-1] is denied without prejudice. Plaintiff's motion to disclose Dr. V. Thomas Rhyne as an expert and disclose confidential information [70-1] is granted. Defendant's motion to strike Dr. Rhyne's Fed. R. Civ. P. 26(a)(2) report and exclude expert testimony is granted in part. Dr. Rhyne's April 3, 2002 report is stricken as untimely under this court's October 3, 2001 order [2-1]. Plaintiff is granted leave to provide Dr. Rhyne's Rule 26(a)(2) rebuttal report by May 3, 2002. The motion is denied in all other respects. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | **Document Number** |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | APR 19 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 4/18/2002 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| cb | courtroom deputy's initials | | bb | |
| | | | mailing deputy initials | |

02 APR 18 PM 2: 17

Date/time received in central Clerk's Office

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



DOCKETED
APR 1 9 2002

CHAMBERLAIN GROUP, INC.          )
                                 )
                    Plaintiff,   )     No. 01 C 6157
                                 )
         v.                      )     Suzanne B. Conlon, Judge
                                 )
INTERLOGIX, INC.                 )
                                 )
                    Defendant.   )

## MEMORANDUM OPINION AND ORDER

The Chamberlain Group, Inc. ("Chamberlain") sues Interlogix, Inc. ("Interlogix") for patent infringement under 35 U.S.C. § 271 *et seq.* Interlogix counterclaims for a declaratory judgment of non-infringement, invalidity, and unenforceability. Chamberlain moves to strike Interlogix's Rule 26(a)(2) reports. In addition, Chamberlain moves to designate Dr. V. Thomas Rhyne as a Rule 26(a)(2) witness, and disclose confidential information pursuant to the January 3, 2002 stipulated protective order. Interlogix moves to strike Dr. Rhyne's expert report.

## DISCUSSION

I.  **Motion to Strike Interlogix's Rule 26(a)(2) Reports**

Chamberlain moves to strike the expert report of Larry S. Nixon. Chamberlain argues Nixon is a patent lawyer whose report consists solely of legal conclusions disguised as expert testimony. In general, testimony from a patent lawyer, not skilled in the art, as to claim construction of the patent is not helpful and may be excluded. *Endress + Hauser, Inc. v. Hawk Meas. Sys. Pty. Ltd.*, 122 F.3d 1040, 1042 (Fed. Cir. 1997); *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 983 (Fed.

1



Cir. 1995). Chamberlain asserts Nixon's entire 70-page report should be stricken and his testimony barred because it contains legal conclusions. "Excluding all the testimony of a witness – rather than of a certain subject matter – is an extraordinary measure." *Amsted Indus., Inc. v. Buckeye Steel Castings Co.*, No. 91 C 1179, 1992 WL 372989, at *3-4 (N.D. Ill. Dec. 9, 1992). Chamberlain fails to identify specific portions of Nixon's report that it contends should be stricken. The court's review of Nixon's report reveals it provides an explanation of the prosecution history of the patents at issue, and the operation of the Patent and Trademark Office ("PTO"). *See e.g.* Mot. to Strike, Ex. 1, at p. 1-17. Expert testimony on prior art, prosecution history, and PTO operations can be helpful to an understanding of the issues in a patent infringement action. *See Yawway Corp. v. Eur-Control USA, Inc.*, 775 F.2d 268, 274 (Fed. Cir. 1985); *Amsted Indus.*, 1992 WL 372989, at *3-4. Further, patent lawyers are not barred from testifying as expert witnesses in a patent action. *See Markman*, 52 F.3d at 991. The use of patent lawyers as experts is discouraged only when they provide opinions on the interpretation of a claim as a matter of law. *Endress*, 122 F.3d at 1042.

Chamberlain's motion is premature. Discovery does not close until May 15, 2002. Barring expert testimony involves a determination whether the expert's opinion will be helpful to the court or the jury. *See* Fed. R. Evid. 702. This court cannot determine whether Nixon's testimony will assist the trier of fact without considering his testimony in the context of the relevant issues. Accordingly, Chamberlain's motion to strike Nixon's report and bar his testimony must be denied.

In addition, Chamberlain contends two of Interlogix's four remaining Rule 26(a)(2) reports should be stricken because they are redundant. Chamberlain asserts Interlogix has designated two technical experts (Dr. Jeffrey Frey and Dr. Sharad Malik) and two damages experts (Dr. Gerald Hausman and Charles Kuyk). Chamberlain moves to strike one expert from each category. A court

has discretion to exclude expert testimony that is cumulative, redundant or confusing. *See* Fed. R.

Evid. 403; *United States. v. Hall*, 165 F.3d 1095, 1104 (7th Cir. 1999). Chamberlain advances this

court's standing order on pretrial procedures, which states "one expert on each subject for each party

will be permitted to testify absent good cause shown." Local Rule 16.1, Standing Order, at n. 7.

Chamberlain's motion is premature. The parties are still conducting discovery. The standing order

restricts Interlogix to one expert per subject *at trial. Id.* A party may identify more than one expert

on a subject under Rule 26(a)(2) and reserve its later choice as to which expert to use at trial.

*Commonwealth Ins. Co. v. Stone Container Corp.*, No. 99 C 8471, 2001 WL 385559, at *6 (N.D.

Ill. Mar. 12, 2002). Nor can the court determine whether the reports are redundant without

considering them in the context of the issues to be addressed at trial. Chamberlain's motion is more

appropriately brought as a motion *in limine. See Harbor Ins. Co. v. Continental Bank Corp.*, No. 85

C 7081, 1991 WL 222260, at *5 (N.D. Ill. Oct. 25, 1991) (addressing the redundancy of expert

testimony in a motion *in limine*); *Nichols v. Grieshaber*, No. 90 C 0195, 1990 WL 159995, at *2

(N.D. Ill. Oct. 15, 1990) (same). Accordingly, Chamberlain's motion to strike Interlogix's Rule

26(a)(2) reports must be denied.

## II.      Disqualification of Dr. Rhyne as a Rule 26(a)(2) Witness

Chamberlain moves to designate Dr. Rhyne as an expert and disclose confidential

information under the January 3, 2002 stipulated protective order. In response, Interlogix moves to

strike Dr. Rhyne's Rule 26(a)(2) report. Interlogix asserts Dr. Rhyne must be disqualified as

Chamberlain's expert due to a conflict of interest. "Courts have the inherent power to disqualify

expert testimony, if necessary, to protect privileges, which would be breached if an expert were to

switch sides, and to preserve public confidence in the fairness and integrity of judicial proceedings."

*Tucker v. Steele & Assoc.*, No. 93 C 1268, 1994 WL 127246, at *3 n. 6 (N.D. Ill. Apr. 12, 1994). Disqualification of experts is subject to a different standard than attorney disqualification. *City of Springfield v. Rexnord Corp.*, 111 F.Supp.2d 71, 74, n.2 (D. Mass. 2000). "Experts are not advocates in the litigation but sources of information and opinions." *English Feedlot v. Norden Lab., Inc.*, 833 F. Supp. 1498, 1501 (D. Colo. 1993). A two-prong test is applied to determine whether an expert should be disqualified: (1) whether the attorney or client acted reasonably in assuming that a confidential or fiduciary relationship developed; and (2) whether confidential information was exchanged requiring disqualification of the expert. *Tucker*, 1994 WL 127246, at *3 n.6.; *see also Great Lakes Dredge & Dock Co. v. Harnischfeger Corp.*, 734 F. Supp. 334 (N.D. Ill. 1990). Disqualification is a "drastic measure which courts should hesitate to impose except when absolutely necessary." *Commonwealth Ins. Co. v. Stone Container,* 178 F.Supp.2d 938, 943 (N.D. Ill. 2001) (quoting *Owen v. Wangerin*, 985 F.2d 312, 317 (7th Cir. 1993).

Interlogix asserts Dr. Rhyne was exposed to confidential information when he served as an expert witness for Interactive Technologies ("Interactive"), Interlogix's predecessor, in *Interactive Tech., Inc. v. Pittway Corp.*, No. 2-95-771 (D. Minn.). Dr. Rhyne's association with Interactive concluded in 1999. Chamberlain contends Dr. Rhyne provided expert testimony on the '118 patent, the precursor to the two patents at issue (the '364 and '703 patents), and other prior art relevant to this action. Interlogix identifies three "confidential" areas that Dr. Rhyne was purportedly privy to in *Pittway*: (1) Interactive's trial and patent strategy; (2) business information; and (3) information on prior art and prosecution history.

Interlogix contends Dr. Rhyne was exposed to confidential patent information during his association with Interlogix. Rule 26 requires disclosure of materials furnished to experts, and parties

cannot assert materials provided to experts are protected from disclosure by privilege or confidentiality. Fed. R. Civ. P. 26(a)(2), 1993 Advisory Comm. Notes. Interlogix concedes the parties are disclosing confidential information on the relevant patents, prior art, and prosecution history under the stipulated protective order. Pursuant to Fed. R. Civ. P. 26, relevant information on the patents at issue that Interlogix possesses are discoverable. Thus, Dr. Rhyne's knowledge of relevant prosecution history and prior art from his association with Interlogix is immaterial. *See Palmer v. Ozbek*, 144 F.R.D. 66, 68 (D. Md. 1992).

An expert cannot be disqualified without evidence that privileged or confidential information was received by the expert during the relationship. *Tucker*, 1994 WL 127246, at *3 n. 6; *Paul v. Rawlings Sporting Goods Co.*, 123 F.R.D. 271 (S.D. Ohio 1988). Interlogix must demonstrate that confidential information passed from Interactive to Dr. Rhyne. *See Great Lakes*, 734 F. Supp. at 338 (recognizing there is no presumption that confidential information will pass to an expert); *Cherry Hill Convalescent Ctr., Inc. v. Healthcare Rehab Sys. Inc.*, 994 F. Supp. 244, 251 (D.N.J. 1997) (refusing to disqualify expert based on inferences that confidential information must have passed from client to expert). This rule prevents attorneys from retaining an expert solely to disable the opponent's use of that same expert. *Wang Labs. Inc. v. Toshiba Corp.*, 762 F. Supp. 1246, 1248 (E.D. Va. 1991).

Interlogix fails to offer evidence that Dr. Rhyne was exposed to confidential patent information that is not subject to discovery in this action. Instead, Interlogix contends Dr. Rhyne was exposed to confidential business information when he worked as Interlogix's consultant before and after the *Pittway* litigation. However, Interlogix does not elaborate on the type of confidential business information that Dr. Rhyne received. Nor does Interlogix address the manner in which that

business information is relevant to the issues in this action or Dr. Rhyne's role as Chamberlain's expert. Interlogix must establish a substantial relationship between Dr. Rhyne's purported knowledge of business information and the subject matter of Dr. Rhyne's testimony. *Vikase*, 1992 WL 13679, at *2. Interlogix offers nothing more than conclusory affidavits that state Dr. Rhyne was exposed to confidential business strategy. *See* Def. Resp Br., Ex. A, Durrant Aff.; Ex. B, Scahefer Aff. Interlogix cannot satisfy its burden to disqualify Dr. Rhyne based on unsupported assertions. *See Green, Tweed of Delaware, Inc. v. Dupont Down Elastomers, L.L.C.*, 202 F.R.D. 426, 429 (E.D. Pa. 2001) (conclusory assertions are insufficient to disqualify an expert); *Vikase Corp. v. W.R. Grace Co.*, No. 90 C 75715, 1992 WL 13679 (N.D. Ill. Jan. 24, 1992) (where there is no evidence that expert possessed confidential information, disqualification of expert was unwarranted).

Further, Interlogix contends Dr. Rhyne was privy to trial strategies in the *Pittway* litigation. Interlogix asserts that information was disclosed in a confidential relationship. Interlogix's assertion is unpersuasive. Communications between a testifying expert and the party retaining that expert are not privileged. *See Commonwealth Ins. Co.*, 178 F. Supp. 2d at 944; *Barna v. United Sates*, No. 95 C 6552, 1997 WL 417847 (N.D. Ill. Jul. 23, 1997). Indeed, disclosure of a party's legal position and contentions to a testifying expert is not protected by the attorney-client privilege. *In re Pioneer Hi-Bred Int'l, Inc.*, 238 F.3d 1370, 1376 (Fed. Cir. 2001). And an attorney's mental impressions communicated to a Rule 26(a)(2) expert are not protected by the work-product doctrine. *Barna*, 1997 WL 417847, at *3.

A testifying expert's role is to review materials, draw on the expertise in his discipline, and offer opinions on a particular issue relevant to the case. *Commonwealth Ins. Co.*, 178 F. Supp. at 945. An expert's purpose is to assist the parties and help the trier of fact understand the evidence.

*Great Lakes*, 734 F. Supp. at 338; Fed. R. Evid. 702. In the course of the attorney-expert relationship, every expert is exposed to a degree of the retaining party's litigation strategy. However, an expert's exposure to trial strategy in an unrelated and different action is insufficient to warrant the extreme sanction of disqualification. There is no evidence that Dr. Rhyne acted as Interlogix's litigation consultant in *Pittway. See Cherry Hill*, 994 F. Supp. at 251. Nor is Dr. Rhyne a patent lawyer. *See* Pl. Mot., Ex. 3. Chamberlain has retained Dr. Rhyne as a Rule 26(a)(2) witness, not as a consultant. Disqualification is only warranted where there is a substantial relationship between the confidential information acquired and the matters to which Dr. Rhyne would be expected to testify in this action. *Vikase*, 1992 WL 13679, at *2; *Green Tweed*, 202 F.R.D. at 431, n.8; *see also Wang Laboratories, Inc. v. CFR Assoc., Inc.*, 125 F.R.D. 10 (D. Mass. 1989) (expert disqualified where he had developed software for the computer at issue). Interlogix fails to establish a substantial relationship between Dr. Rhyne's purported knowledge of Interlogix's trial strategies from *Pittway* and Dr. Rhyne's role as a Rule 26(a)(2) testifying expert. Indeed, "it would be foolish for the retaining party to use a testifying expert [to advise on strategy], as the communications would be an open book, available for the opponent to review." *Commonwealth Ins. Co.*, 178 F. Supp.2d at 945.

In addition to the two-prong test for expert disqualification, courts balance competing policy objectives to determine expert disqualification. *Cordy v. Sherwin-Williams Co.*, 156 F.R.D. 575, 580 (D.N.J. 1994). The court has an interest in preventing conflicts of interest and maintaining judicial integrity. *Cherry Hill*, 994 F. Supp. at 251. However, experts should be allowed to pursue their trade, and parties should be permitted to select their own experts. *See Stencel v. The Fairchild Corp.*, 174 F.Supp.2d 1082, 1803 (C.D. Cal. 2001). There is no indication that Chamberlain's choice of Dr. Rhyne is in bad faith because he has served as Chamberlain's expert in six other proceedings.

Pl. Mot. Disclose, Rhyne Aff., at ¶ 1; *see Stencil*, 174 F.Supp.2d at 1082, n. 4 (absence of evidence

of bad faith weighs against disqualification). To the extent Dr. Rhyne contradicts his prior opinions

that are favorable to Interlogix, Interlogix has the opportunity to discover those inconsistencies at

his deposition and may use the prior opinions as impeachment evidence. *See Great Lakes*, 734 F.

Supp. at 339 (noting the party seeking disqualification can cross-examine expert witnesses at trial

to reveal possible biases).

Courts that have disqualified experts on conflict of interest grounds do so when the expert

"switches sides" in the same litigation. *See e.g. Marvin Lumber & Cedar Co. v. Norton Co.*, 113

F.R.D. 588 (D. Minn. 1986) (allowing disqualification where the expert maintained a consulting

relationship with the plaintiff and served as the defendant's expert at the same time); *see also Cordy*,

156 F.R.D. at 580; *Conforti & Eisele, Inc. v. Div. of Building and Constr., et al.*, 170 N.J.Super. 64,

405 A.2d 487 (1979). Under those circumstances, the risk of disclosure of confidential information

is high and the public's trust in the integrity of the judicial system is at stake. Those concerns are

not present here. Dr. Rhyne was previously associated with Interlogix's predecessor in a patent

action that did not involve Chamberlain and concerned only prior art of the patents at issue.

Consequently, Interlogix fails to satisfy its burden that Dr. Rhyne must be disqualified as a Rule

26(a)(2) witness.

In the alternative, Interlogix contends Chamberlain's designation of Dr. Rhyne as a Rule

26(a)(2) witness and submission of his report are untimely. Chamberlain was required to disclose

Rule 26(a)(2) witnesses with supporting reports to Interlogix by February 4, 2002. Chamberlain

identified Dr. Rhyne as a Rule 26(a)(2) witness in correspondence to Interlogix on March 8, 2002.

Pl. Mot. to Disclose, Ex. 3. Chamberlain did not serve Interlogix with Dr. Rhyne's Rule 26(a)(2)

report until April 3, 2002. A party's failure to comply with Rule 26(a) results in an "automatic and mandatory" exclusion of expert testimony "unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless." *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996). Chamberlain's only explanation for its late disclosure of Dr. Rhyne is that it changed counsel in March 2002. Chamberlain's assertion is without merit. Chamberlain timely submitted David McGavock and Dr. Bruce Eisenstein's Rule 26(a)(2) reports. Chamberlain now seeks to designate Dr. Rhyne as a new expert one month after Interlogix responded with its own expert reports and two months after its Rule 26(a)(2) deadline. Although Chamberlain's new counsel may prefer Dr. Rhyne as an expert, that rationale is insufficient to justify an untimely disclosure. Interlogix would be prejudiced if Chamberlain is permitted to designate a new expert shortly before discovery closes. The issues are complex. Interlogix has responded to Chamberlain's Rule 26(a)(2) reports, and it would now be forced to prepare a rebuttal report. In turn, Chamberlain will not be prejudiced because it has designated two Rule 26(a)(2) witnesses, including Dr. Eisenstein as its designated patent expert.

Chamberlain's disclosure of Dr. Rhyne is untimely only to the extent he would provide non-rebuttal expert testimony. Although the court did not specify a date for submission of rebuttal reports, this court's standing order requires submission of rebuttal reports to opposing counsel no later than 10 days before discovery closes. Chamberlain submitted Dr. Rhyne's report on April 3, 2002, more than 10 days before discovery closes on May 15, 2002. Chamberlain does not assert Dr. Rhyne's report is a rebuttal report. Instead, Chamberlain asserts Dr. Rhyne may offer new and rebuttal opinions. Chamberlain is granted leave to designate Dr. Rhyne as a rebuttal expert and submit a rebuttal report in accordance with this court's standing order. Because Chamberlain may

designate Dr. Rhyne as a Rule 26(a)(2) witness, Chamberlain may disclose confidential information to him under the stipulated protective order. *See* Pl. Mot, Ex. 1, Stipulated Protective Order, at ¶ 3(d).

## CONCLUSION

Chamberlain's motion to strike Interlogix's expert reports and exclude expert testimony is denied without prejudice. Chamberlain's motion to designate Dr. V. Thomas Rhyne as a Rule 26(a)(2) witness and disclose confidential information is granted. Interlogix's motion to strike Dr. Rhyne's Rule 26(a)(2) report and exclude expert testimony is granted in part. Dr. Rhyne's April 3, 2002 report is stricken as untimely under this court's October 3, 2001 order. Interlogix is granted leave to provide Dr. Rhyne's Rule 26(a)(2) rebuttal report by May 3, 2002.

April 18, 2002                                              ENTER:

                                                           *Suzanne B. Conlon*
                                                           Suzanne B. Conlon
                                                           United States District Judge

10