# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6157 | **DATE** | 5/31/2002 |
| **CASE TITLE** | CHAMBERLAIN GROUP vs. INTERLOGIX | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's preliminary motion for partial summary judgment based on invalidity of the '703 patent for failure to comply with 35 U.S.C. § 251 and 37 C.F.R. § 1.175 [100-1] is granted. Defendant's motion for leave to re-file motion for summary judgment in remedied form and Defendant's motion to file memorandum in excess of fifteen pages *instanter* in support of its motion for summary judgment [137-1] are granted in part. Defendant is granted leave to file its motion for summary judgment with supporting memorandum not to exceed 40 pages by June 6, 2002. Plaintiff's response is due June 27, 2002. Defendant's reply is due July 5, 2002. ENTER MEMORANDUM OPINION AND ORDER. [not to exceed 10 pages]
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUN 03 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 143 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 6/3/2002 date mailed notice | |
| CB | courtroom deputy's initials | 02 JUN -3 PM 1:43 Date/time received in central Clerk's Office | CB mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHAMBERLAIN GROUP, INC. )
)
Plaintiff, ) No. 01 C 6157
)
v. ) Suzanne B. Conlon, Judge
)
INTERLOGIX, INC. )
)
Defendant. )

DOCKETED
JUN 0 3 2002

# MEMORANDUM OPINION AND ORDER

The Chamberlain Group, Inc. ("Chamberlain") sues Interlogix, Inc. ("Interlogix") for patent infringement under 35 U.S.C. § 271 *et seq*. Specifically, Chamberlain claims that several Interlogix wireless security systems infringe Patent No. Re. 35,364 ("the '364 patent") and Patent No. Re. 36,703 ("the '703 patent"). The '364 patent and the '703 patent are reissues of Patent No. 4,750,118 ("the '118 patent"). Interlogix counterclaims for a declaratory judgment of non-infringement, invalidity and unenforceability. Interlogix moves for partial summary judgment pursuant to Federal Rule of Civil Procedure 56, claiming the '703 patent is invalid because Chamberlain failed to submit a reissue declaration complying with 37 C.F.R. § 1.175 ("Rule 175").

## BACKGROUND

**I.     Local Rule 56.1**

Local Rule 56.1 requires litigants to follow a detailed procedure in filing and responding to summary judgment motions. Both parties have failed to adhere to those procedures. Local Rule 56.1 requires the moving party to submit a reply to the non-moving party's statement of material facts in the form prescribed by Local Rule 56.1(b)(3)(A). Local Rule 56.1(a). Interlogix failed to file a reply

1



to Chamberlain's statement of additional facts. Nevertheless, the court may only consider facts that are properly supported by the record evidence. *See Brasic v. Heinemann's Inc.*, 121 F.3d 281, 284 (7th Cir. 1997). Chamberlain fails to cite any record evidence supporting its additional facts. "[C]ourts are not obliged in our adversary system to scour the record looking for factual disputes." *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir.1994). Accordingly, the court disregards Chamberlain's statement of additional facts in its entirety.

## II.   Facts

The following facts are undisputed. Chamberlain manufactures and sells garage door openers. On June 7, 1988, the Patent and Trademark Office ("PTO") issued the '118 patent to Chamberlain under the name "Coding System for Multiple Transmitters and a Single Receiver for a Garage Door Opener." The '118 patent contained one independent claim and three dependent claims ("claims 1-4").

On August 12, 1996, Chamberlain filed an application to reissue the '118 patent, including a reissue declaration. On April 23, 1997, Chamberlain filed a preliminary amendment to its application that amended claims 1-4 and added claims 5-19. Shortly thereafter, Chamberlain filed its first supplemental declaration. When its application was rejected by the PTO, Chamberlain submitted a second amendment to its application on March 27, 1998. In the second amendment, Chamberlain substantially rewrote the proposed claims by cancelling claims 1-19 and adding claims 20-45. On July 29, 1998, Chamberlain submitted a second supplemental declaration. On May 16, 2000, Chamberlain's reissue application issued as the '703 patent. The '703 patent contains seven independent claims and 19 dependent claims.

# DISCUSSION

## I. Standard of Review

Summary judgment is appropriate when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once a moving party has met its burden, the non-moving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In patent cases, the court must defer to the substantive law of the Federal Circuit. *In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 805 (2000). According to the Federal Circuit, the issue of whether a reissue declaration satisfies Rule 175 presents a "pure question of law" when there are no disputed facts. *Dethmers Manufacturing Co., Inc. v. Automatic Equipment Manufacturing Co.*, 272 F.3d 1365, 1369 (Fed. Cir. 2001). Moreover, the PTO's decision to issue the reissue patent based on a disputed reissue declaration is not entitled to deference. *Id.* at 1370 n. 2, *citing Nupla Corp. v. IXL Manufacturing Co.*, 114 F.3d 191 (Fed. Cir. 1997) and *In re Constant*, 827 F.2d 78 (Fed. Cir. 1987).

## II. Violation of Rule 175

Reissue patent proceedings are authorized by § 251 whenever a patent is "deemed wholly or partly inoperative or invalid" through error without deceptive intent. In support of a reissue patent application, the applicant must submit a declaration stating in relevant part:

>   (1) The applicant believes the original patent to be wholly or partly inoperative or invalid . . . by reason of the patentee claiming more or less than the patentee had the right to claim in the patent, stating at least one error being relied upon as the basis for reissue; and
>
>   (2) All errors being corrected in the reissue application up to the time of filing of the oath or declaration under this paragraph arose without any deceptive intention on the part of the applicant.

37 C.F.R. § 1.175(a)(1997). If additional errors are corrected during the proceedings, the applicant must submit a supplemental declaration stating that each additional error arose without deceptive intent. *Id.* Failure to comply with Rule 175 for any claim contained in the patent renders that claim invalid. *Dethmers*, 272 F.3d at 1376.

### A. Chamberlain's Reissue Declarations

Chamberlain submitted three declarations in support of its reissue application. Only the first supplemental and second supplemental declarations are relevant to Interlogix's partial summary judgment motion. In its first supplemental declaration, Chamberlain stated in relevant part:

>   9. We believe the ['118 patent] to be wholly or partly inoperative by reason of our claiming less than we had a right to claim in the patent. More specifically, we believe that the sole independent Claim 1 is too narrow or imprecise in the following respects:
>
>      (a) The Claim includes the element "switch movable between program and operate positions" but to impart precision to the element by more particularly pointing out the invention the element should read – first means . . . for placing the circuit means in the operate or the program mode – .

4

(b) The Claim includes the element "memory selection switch" but to impart precision to the element by more particularly pointing out the invention the element should read – code location pointer for pointing to respective memory locations – .

(c) The Claim requires a decoder connected to the radio receiver, but such a decoder as a separately claimed item is not essential to the presently claimed invention.

(d) The Claim recites a microprocessor when the invention disclosed in the original application is not limited to a microprocessor based system.

(e) The Claim recites a plurality of radio transmitters (first and second transmitters) but direct recitation of such is not required.

(f) The Claim recites the unnecessary structure of an output shaft connected to a garage door.

12. We believe [the '118 patent] to be wholly or partly inoperative by reason of failing to specifically claim that the memory selection switch comprises a code location pointer and means for incrementing the code location pointer.

19. The above errors arose without any deceptive intention on our part.

Chamberlain Exhibit ("Pl. Ex.") B. Chamberlain's first supplemental declaration contains several errors for correction, but does not state that "all errors being corrected in the reissue application up to the time of filing of the . . . declaration . . . arose without any deceptive intention on the part of the applicant." Rather, Chamberlain limited its declaration regarding deceptive intent to the "above [listed] errors." Pl. Ex. B at ¶ 19.

In contrast, the second supplemental declaration does not mention deceptive intent. Chamberlain argues that the second supplemental declaration includes the required deceptive intent language by referencing the first supplemental declaration. Chamberlain's restriction of the deceptive intent language to the errors listed in the first supplemental declaration precludes any finding that the deceptive intent language could be incorporated by reference to cover any errors

5

corrected between the filing of the first supplemental declaration and the second supplemental declaration. As Rule 175 explicitly requires a supplemental declaration stating that each additional error arose without deceptive intent, Chamberlain's second supplemental declaration does not cover any error corrected after the filing of the first supplemental declaration. Therefore, the validity of the '703 patent claims turns on whether the errors corrected during the proceeding were included in Chamberlain's first supplemental declaration.

**B.     Non-User Changeable Code**

Interlogix argues that Chamberlain made numerous changes to the '703 patent that were not justified by the errors listed in Chamberlain's first supplemental declaration. However, only one of Interlogix's arguments applies to every claim contained in the '703 patent. Specifically, Interlogix argues that Chamberlain's inclusion of the words "non-user changeable code" in every claim contained in the '703 patent is not supported by Chamberlain's first supplemental declaration. In response, Chamberlain claims the addition of the non-user changeable code language was: (1) not an error within the meaning of Rule 175 because it was added to comport with the Federal Circuit's ruling in *Overhead Door Corp. v. Chamberlain Group, Inc.*, 194 F.3d 1261, 1274 (Fed. Cir. 1999); and (2) covered by the error listed in paragraph 9(e) of the first supplemental declaration. Chamberlain's arguments lack merit.

The Federal Circuit issued its opinion in *Overhead Door* on October 13, 1999. According to Chamberlain, "[n]o significant claim additions or amendments were made after the submission of the second supplemental declaration" filed on July 29, 1998. Response at 3. Therefore, Chamberlain could not have included the non-user changeable code language in response to

*Overhead Door*, which was decided over one year after Chamberlain filed the second supplemental declaration.

The inclusion of the non-user changeable code language also was not covered by the first supplemental declaration. Contrary to Chamberlain's position, paragraph 9(e) of the first supplemental declaration does not identify an error necessitating the inclusion of the non-user changeable code language. Paragraph 9(e) states that the inclusion of the language "a plurality of radio transmitters (first and second transmitters)" in the '118 patent's sole independent claim was not necessary. Pl. Ex. B at ¶ 9(e). Indeed, Chamberlain originally corrected the error by moving the language from the independent claim to dependent claim 14. Pl. Ex. B at ¶ 22. Thereafter, Chamberlain ultimately corrected the "error of imprecisely claiming a 'plurality of radio transmitters'" by including the language that "at least one . . . transmitter. . . for radio frequency transmitting . . . a transmission corresponding to the transmitter" and "means for transmitting . . . code from which the transmitter code can be derived." Response at 9-10. The first supplemental declaration, including paragraph 9(e), does not identify any error necessitating the inclusion of the non-user changeable code language in every claim contained in the '703 patent.

Chamberlain's reliance on dependent claim 15 does not change this result. Dependent claim 15 provides:

> An operator according to claim 14 wherein each rf transmitter comprises means for storing a unique and permanent non-user changeable code.

Pl. Ex. E. Although Rule 175 contemplates that any error corrected in the reissue application, including paragraph 15, would be covered by a declaration stating that all such errors arose without deceptive intent, Chamberlain limited its declaration to the "above [listed] errors." Pl. Ex. B at ¶ 19. Chamberlain cannot bootstrap an error necessitating the inclusion of non-user changeable code

7

language to the "error of imprecisely claiming a plurality of radio transmitters" which was corrected without any reference to non-user changeable code. Absent a declaration stating that error requiring the addition of the non-user changeable code language arose without deceptive intent of the parties, the reissue claims contained in the '703 patent are invalid. Therefore, the court need not reach Interlogix's arguments regarding each specific claim contained in the '703 patent.

## CONCLUSION

Defendant's preliminary motion for partial summary judgment based on invalidity of the '703 patent for failure to comply with 35 U.S.C. § 251 and 37 C.F.R. § 1.175 is granted.

May 31, 2002

ENTER:

Suzanne B. Conlon
United States District Judge