# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6157 | **DATE** | 7/31/2002 |
| **CASE TITLE** | CHAMBERLAIN GROUP, INC. vs. INTERLOGIX, INC. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Defendant's motion for summary judgment [146-1] on the issue of non-infringement of the '364 patent is granted; its summary judgment motion on the issue of invalidity of the '364 patent is moot. Defendant's motion for leave to re-file motion to strike [184-1] is denied as moot. ENTER MEMORANDUM OPINION AND ORDER.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | number of notices | | |
| ✓ | Notices mailed by judge's staff. | | AUG 0 1 2002 | | |
| | Notified counsel by telephone. | | date docketed | | |
| | Docketing to mail notices. | | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | | 191 |
| | Copy to judge/magistrate judge. | | 7/31/2002 | | |
| | | | date mailed notice | | |
| CB | courtroom deputy's initials | | PW | | |
| | | | mailing deputy initials | | |

U.S. DISTRICT COURT

02 JUL 31 PM 5: 05

Date/time received in central Clerk's Office

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHAMBERLAIN GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 01 C 6157 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| INTERLOGIX, INC., | ) | |
| | ) | |
| Defendant. | ) | |

DOCKET
AUG 0 1

## MEMORANDUM OPINION AND ORDER

The Chamberlain Group, Inc. ("Chamberlain") sues Interlogix, Inc. ("Interlogix") for patent infringement under 35 U.S.C. § 271 *et seq.* Specifically, Chamberlain claims that several Interlogix wireless security systems infringe U.S. Patent No. Re. 35,364 ("the '364 patent") and U.S. Patent No. Re. 36,703 ("the '703 patent"). Interlogix counterclaims for a declaratory judgment of non-infringement, invalidity and unenforceability. On May 31, 2002, the court granted Interlogix's motion for partial summary judgment on invalidity of the '703 patent. *Chamberlain Group, Inc. v. Interlogix, Inc.*, 2002 WL 1263984 (N.D. Ill. June 3, 2002). Interlogix now moves for summary judgment pursuant to Federal Rule of Civil Procedure 56 on non-infringement and invalidity of the '364 patent.

## BACKGROUND

The following facts are undisputed. Interlogix manufactures and sells residential and commercial security and alarm systems, including wireless security systems. Chamberlain manufactures and sells garage door openers.

1

On June 7, 1988, the Patent and Trademark Office ("PTO") issued Patent No. 4,750,118 ("the

'118 patent") to Chamberlain under the name "Coding System for Multiple Transmitters and a Single

Receiver for a Garage Door Opener." The '118 patent contained one independent claim and three

dependent claims.

On August 24, 1989, Chamberlain applied for a reissue of the '118 patent. On October 29,

1996, the PTO issued the '364 patent, entitled "Coding System for Multiple Transmitters and a

Single Receiver for a Garage Door Opener." The '364 patent contains two independent claims,

Claim 1 and Claim 5. Claim 1 of the '364 patent repeats '118 patent's sole independent claim:

> A garage door operator for a garage door comprising, a garage door operation mechanism with an output shaft connected to said garage door to open and close it, a radio receiver, a decoder connected to receive the output of said radio receiver, a microprocessor connected to receive the output of said decoder and to said garage door operation mechanism to energize it, a switch moveable between program and operate positions connected to said microprocessor to place said microprocessor in the operate or program mode, a memory means for storing a plurality of addresses connected to said microprocessor when said switch is in the program position, a memory selection switch connected to said microprocessor, a plurality of radio transmitters with different codes, said memory selection switch setable in first position at a time when a first one of said radio transmitters is energized so that the code of said first transmitter will be stored in said memory means and said memory selection switch set in a second position at a time when a second one of said radio transmitters is energized so that the code of said second transmitter will be stored in said memory means, and said microprocessor placed in the operate mode when said switch is in the operate position so that either or both of said first and second radio transmitters when energized cause said microprocessor to energize said garage door operator mechanism.

The '364 patent also adds Claim 5:

> An operator for controlling operation of equipment comprising, a radio receiver, a decoder connected to receive the output of said radio receiver, a microprocessor connected to receive the output of said decoder and to said equipment to energize it, first switch means for selection between program and operate positions connected to said microprocessor to place said microprocessor in the operate or the program mode, a memory means for storing a plurality of addresses connected to said microprocessor when said first switch means is in the program position, a memory selection second

switch means connected to said microprocessor, a plurality of radio transmitters with different codes, said memory selection second switch means being adapted to select a first transmitter will be stored in said memory means and said memory selection second switch means being adapted to select a second position at a time when a second one of said radio transmitters is energized so that the code of said second transmitter will be stored in said memory means, and said microprocessor placed in the operate mode when said first switch means is in the operate position so that either or both of said first and second radio transmitters, when energized cause said microprocessor to energize said equipment.

Chamberlain claims several Interlogix wireless security systems infringe the '364 patent, including the Simon, Concord and Quik Bridge systems. The published product information for the Simon, Concord and Quik Bridge systems lists several features, including light, appliance and garage door operation. To use the Simon, Concord and Quik Bridge systems to operate these features, the user must install an X-10 universal module to provide the connection between the Interlogix control panel and the installed device.

## DISCUSSION

### I.    Standard of Review

Summary judgment is appropriate when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once a moving party has met its burden, the non-moving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Summary judgment is as appropriate in a patent case as in any other." *Avia Group Int'l., Inc. v. L.A. Gear California, Inc.*, 853 F.2d 1557, 1561 (Fed. Cir. 1988).

## II. Infringement

The determination of infringement requires a two-step analysis: (1) the claim must be properly construed to determine its scope and meaning; and (2) the claim as properly construed must be compared to the accused device or process. *Ekchian v. Home Depot, Inc.*, 104 F.3d 1299, 1302 (Fed. Cir. 1997). Claim construction is a question of law, while infringement is a question of fact. *Moore U.S.A., Inc. v. Standard Register Co.*, 229 F.3d 1091, 1105 (Fed. Cir. 2000). Nevertheless, summary judgment is proper on infringement when no reasonable jury could conclude the patent is infringed. *Karlin Tech. Inc. v. Surgical Dynamics, Inc.*, 177 F.3d 968, 974-75 (Fed. Cir. 1999).

### A. Claim Construction

To construe a claim, the court must first look to intrinsic evidence, such as the claim language, specification and the prosecution history. *Rexnord Corp. v. Laitram Corp.*, 274 F.3d 1336, 1341 (Fed. Cir. 2001). Extrinsic evidence, such as expert testimony, is considered only if the analysis of intrinsic evidence fails to resolve an ambiguity in a disputed claim term. *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1583 (Fed. Cir. 1996). If possible, claims "are generally construed so as to sustain their validity." *Whittaker Corp. v. UNR Industries, Inc.*, 911 F.2d 709, 712 (Fed. Cir. 1990).

The parties dispute the meaning of the term "equipment" contained in Claim 5. Interlogix argues the term "equipment" is limited to garage door openers, while Chamberlain argues the term encompasses Interlogix's wireless security systems. To properly construe the term "equipment," the court must begin with the plain language of Claim 5. *York Prods., Inc. v. Central Tractor Farm & Family Ctr.*, 99 F.3d 1568, 1572 (Fed. Cir. 1996). Claim terms must be given their ordinary and accustomed meaning. *Johnson Worldwide Assocs., Inc. v. Zebco Corp.*, 175 F.3d 985, 989 (Fed. Cir.

1999). Interlogix concedes the plain meaning of the term "equipment" encompasses a security system. Reply at 1. Nevertheless, Interlogix argues Chamberlain's construction of Claim 5 to cover security systems, rather than just garage door openers, renders the patent invalid by violating the "original patent clause" of 35 U.S.C. § 251 ("§ 251").

Section 251's original patent clause restricts a reissue patent, such as the '364 patent, to "the invention disclosed in the original patent." 35 U.S.C. § 251 ¶ 1. Indeed, §251 "evince[s] the clear intent of Congress to protect the public against the unanticipated broadening of a claim after the grant of the patent by the PTO." *Superior Fireplace Co. v. Majestic Products Co.*, 270 F.3d 1358, 1371 (Fed. Cir. 2001). The essential inquiry under § 251 is "whether one skilled in the art, reading the specification, would identify the subject matter of the new claims as invented and disclosed by the patentees" in the original patent. *In re Amos*, 953 F.2d 613, 618 (Fed. Cir. 1992). The only evidence on whether one skilled in the art would find Claim 5's application to "equipment" other than garage door openers was disclosed in the '118 patent comes from Chamberlain's proposed expert, Dr. V. Thomas Rhyne. Dr. Rhyne confirmed that one skilled in the art would not read the '118 patent to encompass anything other than garage doors. Motion Ex. 123 at 116-117 ("[the '118 patent] claims deal only with garage doors"). Absent evidence to the contrary, Chamberlain's interpretation of Claim 5 cannot be sustained without rendering Claim 5 invalid under the original patent clause of § 251.

In contrast, the '364 patent specification supports Interlogix's proposed construction of Claim 5. "Claims must be read in view of the specification, of which they are a part." *Markman v. Westview Instruments*, 52 F.3d 967, 979-980 (Fed. Cir. 1995), *aff'd* 517 U.S. 370 (1996). Indeed, the specification is "always highly relevant to the claim construction analysis" and "is usually

dispositive; it is the single best guide to the meaning of a disputed term." *Vitronics*, 90 F.3d at 1582. *See also Watts v. XL Sys., Inc.*, 232 F.3d 877, 882 (Fed. Cir. 2000)(specification may reveal whether the patentee has limited the scope of the claims). The '364 patent specification, including the preferred embodiments, describes the invention exclusively as a garage door opener. "When the 'preferred embodiment' is described as the invention itself, the claims are not entitled to a broader scope than that embodiment." *Wang Labs., Inc. v. America Online, Inc.*, 197 F.3d 1377, 1383 (Fed. Cir. 1999), *citing Modine Mfg. Co. v. United States Int'l Trade Comm'n*, 75 F.3d 1545, 1551 (Fed. Cir. 1996). As a matter of law, Claim 5 must be construed as limited to a garage door opener.

## B. Application

Chamberlain does not contend Interlogix's wireless security systems directly infringe the '364 patent as construed. Rather, Chamberlain claims Interlogix induces infringement of the '364 patent by promoting the modified use of the Simon, Concord and Quik Bridge systems as a garage door opener. To prove contributory or induced infringement, Chamberlain must prove Interlogix induced its users to directly infringe the '364 patent. *Sage Products, Inc. v. Devon Industries, Inc.*, 45 F.3d 1575, 1577 (Fed. Cir. 1995), *citing Aro Mfg. Co. v. Convertible Top Replacement Co.*, 365 U.S. 336, 341 (1961)("[I]f the purchaser and user could not be amerced as an infringer, certainly one who sold to him . . . cannot be amerced for contributing to a non-existent infringement"). Chamberlain cannot meet its burden.

Chamberlain does not offer evidence of anyone using an Interlogix wireless security system as a garage door opener. Although Interlogix's published product materials are probative of whether Interlogix induced customers to use its wireless security systems in an infringing manner, this evidence does not support a finding of direct infringement by Interlogix customers. *See Joy*

*Technologies Inc. v. Flakt, Inc.*, 6 F.3d 770, 776 (Fed. Cir. 1993)("Until the apparatus is constructed and ready for use, it cannot be clear whether infringement has taken place"). Absent evidence that Interlogix's customers modified the Simon, Concord and Quik Bridge systems to operate a garage door opener, Chamberlain cannot establish Interlogix contributed to or induced infringement of the '364 patent.

## III.    Invalidity

Interlogix also moves for summary judgment on the invalidity of the '364 patent. This motion is rendered moot based on the court's determination of non-infringement. *See Spectronics Corp. v. H.B. Fuller Co., Inc.*, 940 F.2d 631, 637-38 (Fed. Cir. 1991)(declaratory action for invalidity and unenforceability rendered moot by finding of non-infringement).

## CONCLUSION

Interlogix's motion for summary judgment on the issue of non-infringement of the '364 patent is granted. As a matter of law, Interlogix has not infringed the '364 patent. Interlogix's summary judgment motion on the issue of the invalidity of the '364 patent is moot.

July 31, 2002

ENTER:

Suzanne B. Conlon
United States District Judge

7