# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6157 | **DATE** | 8/27/2002 |
| **CASE TITLE** | CHAMBERLAIN GROUP, INC. vs. INTERLOGIX, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Chamberlain's motion to vacate final judgment [198-1] entered August 1, 2002 is denied. ENTER MEMORANDUM OPINION AND ORDER.

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 28 2002 date docketed | 208 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 8/27/2002 date mailed notice | |
| | Copy to judge/magistrate judge. | | | |
| CB | courtroom deputy's initials | Date/time received in central Clerk's Office | PW mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | | |
|---|---|---|
| CHAMBERLAIN GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 01 C 6157 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| INTERLOGIX, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

The Chamberlain Group, Inc. ("Chamberlain") sued Interlogix, Inc. ("Interlogix") for patent infringement under 35 U.S.C. § 271 *et seq.* Specifically, Chamberlain claimed several Interlogix wireless security systems infringe Patent No. Re. 35,364 ("the '364 patent") and Patent No. Re. 36,703 ("the '703 patent"). Interlogix counterclaimed for a declaratory judgment of non-infringement, invalidity and unenforceability. On May 31, 2002, the court granted Interlogix's motion for partial summary judgment on invalidity of the '703 patent. *Chamberlain Group, Inc. v. Interlogix, Inc.*, 2002 WL 1263984 (N.D. Ill. June 3, 2002). On July 31, 2002, the court granted Interlogix's motion for summary judgment on non-infringement of the '364 patent. *Chamberlain Group, Inc. v. Interlogix, Inc.*, 2002 WL 1777280 (N.D. Ill. Aug. 1, 2002). On August 1, 2002, final judgment was docketed. Chamberlain now moves to vacate final judgment pursuant Federal Rule of Civil Procedure 59(e).

1



# DISCUSSION

## I. Standard of Review

Motions to reconsider are not at the disposal of parties who want to 'rehash' the same arguments. *Quaker Alloy Casting Co. v. Gulfco Industries, Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988). A motion for reconsideration is appropriate only when:

> the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). Indeed, the court's orders are not "mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy*, 123 F.R.D. at 288.

## II. Validity of the '703 Patent

Chamberlain moves to vacate the court's May 31, 2002 order based on a supplemental declaration filed with the Patent and Trademark Office ("PTO") on July 18, 2002. On May 31, 2002, the court granted Interlogix's motion for partial summary judgment, finding Chamberlain's failure to submit a reissue declaration complying with 37 C.F.R. § 1.175 ("Rule 175") rendered the '703 patent invalid. On June 28, 2002, Chamberlain submitted a supplemental declaration to the PTO, averring that all errors not covered by prior declarations arose without deceptive intent. Motion at Ex. 3. On July 18, 2002, the PTO acknowledged and filed Chamberlain's new supplemental declaration. Motion at Ex. 4. According to Chamberlain, the new supplemental declaration cures its failure to comply with Rule 175. The court does not agree.

2

As an initial matter, Chamberlain's new supplemental declaration is not newly discovered evidence. To support a motion for reconsideration based on newly discovered evidence, the moving party must "show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence [during the pendency of the motion]." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996), *quoting Engelhard Indus., Inc. v. Research Instrumental Corp.*, 324 F.2d 347, 352 (9th Cir. 1963). Chamberlain fails to demonstrate it exercised reasonable diligence in producing the supplemental declaration.

Interlogix filed its motion for partial summary judgment on April 17, 2002. Rather than filing a petition with the PTO, Chamberlain proceeded before this court on Interlogix's motion. Approximately six weeks later, the court granted Interlogix's motion. Even then, Chamberlain did not file a petition with the PTO. Instead, Chamberlain filed a motion for reconsideration, which was denied on June 28, 2002. That same day, Chamberlain filed its petition with the PTO. The PTO ruled on Chamberlain's petition less than three weeks later. If Chamberlain would have filed its petition with the PTO in response to Interlogix's motion, the PTO's decision to allow Chamberlain to file the supplemental declaration would have been issued prior to the court's decision. With reasonable diligence, Chamberlain could have produced this evidence during the pendency of Interlogix's partial summary judgment motion.

In any event, Chamberlain cannot cure its failure to comply with Rule 175 by submitting a supplemental declaration to the PTO after the reissue patent is allowed. Rule 175 specifically provides, "Any supplemental oath or declaration required by this paragraph must be submitted *before* allowance..." 37 C.F.R. § 1.175(b)(1)(1997)(emphasis added). Chamberlain's new supplemental

3

declaration is over two years too late. To allow Chamberlain to cure its Rule 175 violation at this late date would render the plain language of Rule 175 meaningless.

Nevertheless, Chamberlain argues the court is required to defer to the PTO's decision to accept the supplemental declaration for filing. Contrary to Chamberlain's position, the PTO's acceptance of the supplemental declaration for filing does not establish the PTO accepted the supplemental declaration as a cure for its Rule 175 violation. Indeed, the PTO expressly declined to reach this issue. In its petition, Chamberlain informed the PTO of the court's May 31, 2002 ruling and asked the PTO to "acknowledge that such acceptance [of the declaration for filing] removes any question as to the completeness of the application from which the patent issued." Motion at Ex. 3. In accepting the supplemental declaration for filing, the PTO acknowledged Chamberlain's request for an acknowledgment as to cure, but did not grant it. Motion at Ex. 4. As a result, the PTO has not issued any decision on cure that is entitled to deference, even if such deference is required. *See Dethmers Manufacturing Co., Inc. v. Automatic Equipment Manufacturing Co.*, 272 F.3d 1365, 1370 n. 2 (Fed. Cir. 2001), *citing Nupla Corp. v. IXL Manufacturing Co.*, 114 F.3d 191 (Fed. Cir. 1997) and *In re Constant*, 827 F.2d 78 (Fed. Cir. 1987)(PTO's decision to issue a reissue patent based on a disputed reissue declaration is not entitled to deference).

Finally, Chamberlain argues 35 U.S.C. § 282 does not authorize the court to invalidate a patent based on Rule 175. Chamberlain did not present this argument in response to Interlogix's motion for summary judgment or in its Rule 54(b) motion to reconsider. Absent a valid explanation as to why the argument was not raised earlier, the court will not consider Chamberlain's new

4

argument. *See Moro v. Shell Oil Co.,* 91 F.3d 872, 876 (7th Cir. 1996)(Rule 59(e) motion cannot be used to raise arguments that should have been raised before judgment was entered).

August 27, 2002

ENTER:

*[signature]*
Suzanne B. Conlon
United States District Judge