Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6157 | **DATE** | 9/27/02 |
| **CASE TITLE** | CHAMBERLAIN GROUP, INC. vs. INTERLOGIX, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ■ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant Interlogix, Inc.'s bill of costs is granted in part. Interlogix, Inc. is awarded $25,650.78 ($11,698.25 in deposition costs, $595.00 in witness attendance costs and $13,357.53 in copying costs). ENTER MEMORANDUM OPINION AND ORDER.

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | SEP 3 0 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 9/30/02 | |
| | | | date mailed notice | |
| CB | courtroom deputy's initials | 02 SEP 30 PM 3:43 Date/time received in central Clerk's Office | PW mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHAMBERLAIN GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 01 C 6157 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| INTERLOGIX, INC., | ) | |
| | ) | |
| Defendant. | ) | |

DOCKETED
SEP 3 0 2002

## MEMORANDUM OPINION AND ORDER

The Chamberlain Group, Inc. ("Chamberlain") sued Interlogix, Inc. ("Interlogix") for patent infringement pursuant to 35 U.S.C. § 271 *et seq*. Specifically, Chamberlain claimed several Interlogix wireless security systems infringed Patent No. Re. 35,364 ("the '364 patent") and Patent No. Re. 36,703 ("the '703 patent"). Interlogix counterclaimed for a declaratory judgment of non-infringement, invalidity and unenforceability. The court granted Interlogix's motion for partial summary judgment on invalidity of the '703 patent. *Chamberlain Group, Inc. v. Interlogix, Inc.*, 2002 WL 1263984 (N.D. Ill. June 3, 2002). Thereafter, the court granted Interlogix's motion for summary judgment on non-infringement of the '364 patent. *Chamberlain Group, Inc. v. Interlogix, Inc.*, 2002 WL 1777280 (N.D. Ill. Aug. 1, 2002). Interlogix now seeks its costs pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920.

1



# DISCUSSION

## I. Chamberlain's Request to Stay Taxation of Costs

In response, Chamberlain requests a stay pending appeal. Chamberlain fails to cite any authority for its request. Indeed, this court has denied similar requests. *See, e.g., International Oil, Chemical & Atomic Workers, Local 7-517 v. Uno-Ven Co.*, No. 97 C 2663, 1998 WL 895557, at *1 (N.D. Ill. Dec. 14, 1998)(Lindberg, J); *Ziemack v. Centel Corp.*, No. 92 C 3551, 1997 WL 97384, at *1 (N.D. Ill. Feb. 27, 1997)(Moran, J.); *LeMoine v. Combined Communications Corp.*, No. 95 C 5881, 1996 WL 435115, at *1 (N.D. Ill. July 31, 1996)(Conlon, J.). Absent any authority to the contrary, Chamberlain's request to stay taxation of costs is denied.

## II. Interlogix's Bill of Costs

"[C]osts ... shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" Fed. R. Civ. P. 54(d). However, Rule 54(d) does not give a court "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur. . . [I]tems proposed by winning parties as costs should always be given careful scrutiny." *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235 (1964). Recoverable costs are specified in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). Recoverable costs include: (1) fees of the clerk and marshal; (2) fees for transcripts necessarily obtained for use in the case; (3) fees for printing and witnesses; (4) fees for copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920. In its bill of costs, Interlogix seeks costs incurred for depositions, witness attendance and copying. Chamberlain objects, claiming Interlogix's costs are excessive.

A.  **Deposition Costs**

Interlogix first seeks $17,166.75 for costs incurred in obtaining the depositions of 23 witnesses. In evaluating the bill of costs, the court must determine whether: (1) the expenses are allowable under § 1920; and (2) the expenses are reasonable and necessary. *Deimer v. Cincinnati Sub-Zero Products, Inc.*, 58 F.3d 341, 345 (7th Cir. 1995). Where an award of deposition costs is appropriate, the Judicial Conference has established $5.00 as the rate per page for a daily transcript, $4.00 for an expedited transcript, $3.00 for an original transcript and $.75 for a transcript copy. *Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 456 (7th Cir. 1998), *citing* VI Judicial Conference of the United States, Guide to Judiciary Policies and Procedures, Court Reporters Manual, ch. 20, pt. 20.3 (1998).

1.  **Deposition Transcripts and Videotapes**

Section 1920(2) authorizes the taxing of costs for deposition transcripts "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Costs for videotaping a deposition may be awarded in lieu of costs for a stenographic transcript. *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993). To be recoverable, the deposition must be reasonably necessary to the case at the time it was taken. *Cengr*, 135 F.3d at 455. Chamberlain does not challenge Interlogix's need for the deposition transcripts and videotapes outlined in its bill of costs. Rather, Chamberlain argues the costs incurred by Interlogix for daily and expedited transcripts were unnecessary and unreasonable.

3

Interlogix requests the following costs for deposition transcripts:

| Deponent | Date | Delivery | Pages | Cost Per Page | Total |
|---|---|---|---|---|---|
| Dr. Bruce Eisenstein | 05/08/02 | Daily | Unknown | $5.00 | Unknown |
| Bradford Ferris | 05/03/02 | Expedited | 167 | $4.00 | $668.00 |
| John Flannery | 06/05/02 | Expedited | 215 | $4.00 | $860.00 |
| Timothy Levestik | 04/11/02 | Daily | 158 | $5.00 | $790.00 |
| Daniel McGavock | 05/07/02 | Expedited | 218 | $4.00 | $872.50 |
| Marvin Moody, Jr. | 05/16/02 | Expedited | 164 | $4.00 | $656.00 |
| V. Thomas Rhyne, III | 05/10/02 | Daily | 370 | $5.00 | $1,850.00 |
| Kenneth Samples | 04/24/02 | Expedited | 196 | $4.00 | $784.00 |
| Roger S. Smith | 05/07/02 | Expedited | 239 | $4.00 | $956.00 |
| Mark Tone - Day 1 | 04/10/02 | Daily | 182 | $5.00 | $910.00 |
| Mark Tone - Day 2 | 05/01/02 | Daily | 118 | $5.00 | $590.00 |
| Mark Tone - Day 3 | 06/25/02 | Expedited | 163 | $4.00 | $652.00 |
| Colin Willmott | 04/09/02 | Daily | 228 | $5.00 | $1,140.00 |
| John Bergmann | 04/23/02 | Copy | 120 | $0.75 | $90.00 |
| Robert Brunius | 05/15/02 | Copy | 120 | $0.75 | $90.00 |
| Charles Durant | 05/24/02 | Copy | 101 | $0.75 | $75.75 |
| Jeffrey Frey | Unknown | Expedited | Unknown | $5.00 | Unknown |
| Charles Kuyk, III | 05/15/02 | Copy | 102 | $0.75 | $76.50 |
| Larry S. Nixon | Unknown | Expedited | Unknown | $5.00 | Unknown |
| Duane Paulson | 05/04/02 | Copy | 101 | $0.75 | $75.75 |
| Nate Scarpelli | 05/14/02 | Copy | 62 | $0.75 | $46.50 |
| Scott Schulz | 04/30/02 | Copy | 149 | $0.75 | $111.75 |
| **Total** | | | | | $11,294.75 |

As Chamberlain points out, Interlogix fails to justify costs for daily and expedited transcripts. According to Interlogix, daily and expedited transcripts "were warranted by the fact that the depositions were completed in a short amount of time and discovery closed on the day that summary judgments were due." Interlogix's blanket assertion is insufficient to justify 15 daily and expedited transcripts, especially when it used only two of these transcripts in support of its motions for summary judgment. Indeed, three daily transcripts were ordered over one month prior to the dispositive motion deadline of May 15, 2002. Absent any explanation as to why daily and expedited transcripts were necessary, Interlogix is only entitled to the $3.00 per page rate for original deposition transcripts. *See Alsaras v. Dominick's Finer Foods, Inc.*, 99 C 4226, 2001 WL 1117275, at *2 (N.D. Ill. Sept. 19, 2001). In sum, Interlogix is entitled to the following deposition transcript costs:[1]

| Deponent | Pages | Cost Per Page | Total |
|---|---|---|---|
| Bradford Ferris | 167 | $3.00 | $501.00 |
| John Flannery | 215 | $3.00 | $645.00 |
| Timothy Levestik | 158 | $3.00 | $474.00 |
| Daniel McGavock | 218 | $3.00 | $654.00 |
| Marvin Moody, Jr. | 164 | $4.00 | $492.00 |
| V. Thomas Rhyne, III | 370 | $3.00 | $1,110.00 |
| Kenneth Samples | 196 | $3.00 | $588.00 |
| Roger S. Smith | 239 | $3.00 | $717.00 |

---

[1] Interlogix failed to provide the number of pages for the deposition transcripts of Eisenstein, Frey and Nixon. Therefore, the court is unable to award costs for these depositions. *See Barnett v. City of Chicago*, Nos. 92 C 1683 & 92 C 2104, 1999 WL 138813, at *9 (N.D. Ill. March 5, 1999)(citations omitted)("Courts confronted with the absence of documentation concerning the number of pages have refused to tax costs for transcripts").

| Deponent | Pages | Cost Per Page | Total |
|---|---|---|---|
| Mark Tone - Day 1 | 182 | $3.00 | $546.00 |
| Mark Tone - Day 2 | 118 | $3.00 | $354.00 |
| Mark Tone - Day 3 | 163 | $3.00 | $489.00 |
| Colin Willmott | 228 | $3.00 | $684.00 |
| John Bergmann | 120 | $0.75 | $90.00 |
| Robert Brunius | 120 | $0.75 | $90.00 |
| Charles Durant | 101 | $0.75 | $75.75 |
| Charles Kuyk, III | 102 | $0.75 | $76.50 |
| Duane Paulson | 101 | $0.75 | $75.75 |
| Nate Scarpelli | 62 | $0.75 | $46.50 |
| Scott Schulz | 149 | $0.75 | $111.75 |
| Robert Baker | Video | Video | $385.00 |
| Jeffrey Vincent | Video | Video | $458.50 |
| John Berman - Day 2 | Video | Video | $280.00 |
| Jerry Hausman | Video | Video | $162.00 |
| **Total** | | | $9,105.75 |

2. **Court Reporter Attendance Fees**

Interlogix seeks to recover $2,592.50 ($170.00 (Ferris) + $212.50 (Flannery) + $170.00 (Levstik) + $297.50 (McGavock) + $191.25 (Moody) + $340.00 (Rhyne) + $191.25 (Samples) + $255.00 (Smith) + $531.25 (Tone) + $233.75 (Willmott)) in court reporter attendance fees. Interlogix may recover court reporter attendance fees as part of the reasonable and necessary costs in obtaining a deposition transcript under §1920(2). *See Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995)(court may award court reporter attendance fees as taxable costs). Contrary to

Chamberlain's position, *Ochana v. Flores*, 206 F.Supp.2d 941 (N.D. Ill. 2002) and *Antonson v. United Armored Serv., Inc.*, No. 00 C 4095, 2002 WL 908424 (N.D. Ill. May 6, 2002) did not hold otherwise. Therefore, the court awards Interlogix $2,592.50 for court reporter attendance fees.

**B.      Witness Attendance Costs**

Interlogix seeks costs associated with obtaining the attendance of seven deposition witnesses, including $357.00 in witness fees and $681.00 in subpoena service fees. Chamberlain challenges only Interlogix' costs for service of subpoenas.

Section 1920(3) authorizes witness fees. Although Chamberlain does not object to Interlogix' witness fees, payment to a deponent may not exceed the statutory limit of $40.00 plus reasonable travel expenses and subsistence charges. 28 U.S.C. § 1821(b), (c). Interlogix fails to offer any evidence of the witnesses' travel expenses or subsistence charges. Therefore, recovery for witness fees is limited to $40.00 per witness or $280.00.

Section 1920(1) authorizes fees for service of subpoenas. *Collins v. Gorman*, 96 F.3d 1057, 1059 (7th Cir. 1996). As Chamberlain points out, fees cannot exceed amounts charged by the U.S. Marshal Service. *Id.* at 1060. The U.S. Marshal Service charges $45.00 per hour plus $0.365 per mile. The invoices submitted by Interlogix do not indicate how long service took or where service was effectuated. Therefore, the court awards only the $45.00 minimum charged by the U.S. Marshal's Service for subpoena service ($315.00).

**C.      Copying Costs**

Interlogix seeks $17,030.11 for copying costs for three categories of documents: (1) $12,625.83 for documents produced during discovery, including $9,018.45 (60,123 pages x $0.15) for photocopying and $3,607.38 (60,123 x $0.06) for Bates labeling; (2) $3,672.68 (24,484.50 pages

7

x $0.15) for three copies of filed pleadings; and (3) $731.70 (4,878 pages x $0.15) for deposition exhibits. Section 1920(4) authorizes the taxing of costs for copies "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). "Included in the category of costs 'reasonably necessary for use in the case' are copies attributable to discovery and the court's copies of pleadings, motions and memoranda; however, extra copies for the convenience of the attorneys are not necessary and are not taxed as costs." *Baxter Int'l, Inc. v. McGaw, Inc.*, No. 95 C 2723, 1998 WL 102668, at *1 (N.D.Ill. March 3, 1998). Based on this standard, Interlogix' copies were necessarily obtained for use in the case. Nevertheless, Chamberlain objects to costs associated with each document category, including the copying charge, as excessive.

1.  **Discovery Documents**

Chamberlain first argues costs associated with document production should not be allowed because the "parties agreed that each side should produce and pay for its own document production to avoid the cost of preliminary inspection." Contrary to Chamberlain's position, the parties' agreement does not eliminate Chamberlain's responsibility to pay Interlogix's costs. Absent the agreement, Chamberlain would be liable for Interlogix' costs in obtaining its documents after paying to obtain Interlogix' documents. In both cases, Chamberlain is solely responsible for costs associated with the parties' document production.

Chamberlain argues that much of the photocopied material was irrelevant. Chamberlain's claim lacks merit. Chamberlain assumed the risk that irrelevant material would be included in document production by not conducting a preliminary inspection of the documents. Therefore, Interlogix is entitled to recover costs associated with its document production, including photocopying at the reasonable rate of $0.15 per page. *See Eastern Trading Co. v. Refco, Inc.*, No.

97 C 6815, 1999 WL 529569, at *5 (N.D.Ill. July 20, 1999)("Judges of this court have found $.15 per page reasonable").

### 2. Pleadings

Chamberlain argues costs for copying Interlogix' pleadings should not be allowed because Interlogix failed to provide sufficient documentation. Although Interlogix "is not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs," it "is required to provide the best breakdown obtainable from retained records." *Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991). Interlogix does not provide any documentation to support its estimate of 24,484 ½ copies. Nor does it explain how it arrived at this number. "In the absence of a more detailed affidavit or some other reliable verification that the copying costs were necessary for presenting evidence to this court," the court declines to award Interlogix costs for copying its pleadings. *See Mortell v. MacNeal Health Care Servs. Corp.*, No. 99 C 4531, 2000 WL 804666, at *3 (N.D. Ill. June 21, 2000).

### 3. Deposition Exhibits

Chamberlain argues costs for copying deposition exhibits should not be allowed because Interlogix already possessed these documents. *See Cengr*, 135 F.3d at 456 (costs of deposition exhibit copies not allowed where defendant already had copies of exhibits). In *Cengr*, the Seventh Circuit disallowed costs for an additional copy of deposition exhibits provided by the court reporter as part of the deposition transcripts. *Id.* In contrast, Interlogix copied documents for use during depositions that Chamberlain concedes were necessary to presentation of this case to the court. Interlogix is awarded $731.70 for copying documents for use as deposition exhibits.

9

## CONCLUSION

The bill of costs is granted in part. Interlogix is awarded $11,698.25 in deposition costs, $595.00 in witness attendance costs and $13,357.53 in copying costs.

September 27, 2002

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge