# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6157 | **DATE** | 5/27/2004 |
| **CASE TITLE** | THE CHAMBERLAIN GROUP, INC. vs. INTERLOGIX, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Microchip Technology Inc.'s motion for leave to file an *amicus curiae* brief [226-1] is granted. Plaintiff's unopposed motion to vacate the court's decision of 7/31/02 [224-1] is denied. Plaintiff's motion to enter a stipulated notice of dismissal [223-1] is moot. Final judgment [192-1] stands. ENTER MEMORANDUM OPINION AND ORDER.

/s/ Suzanne B. Conlon

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | MAY 2 8 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 229 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 5/27/2004 | |
| CB | courtroom deputy's initials | | date mailed notice PW mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THE CHAMBERLAIN GROUP, INC., )
)
        Plaintiff, ) No. 01 c 6157
)
v. ) Suzanne B. Conlon, Judge
)
INTERLOGIX, INC., )
)
        Defendant. )

## MEMORANDUM OPINION AND ORDER

The Chamberlain Group, Inc. ("Chamberlain") sued Interlogix, Inc. ("Interlogix") for patent infringement. Interlogix's motion for summary judgment on non-infringement of Patent No. Re. 35,364 ("the '364 patent") was granted. *Chamberlain Group, Inc. v. Interlogix, Inc.*, 2002 WL 1777280 (N.D. Ill. Aug. 1, 2002). After the parties completed appellate briefing, a settlement was reached. Chamberlain now moves to vacate the summary judgment order construing Claim 5 of the '364 patent as limited to a garage door opener. Pl. Mem. at 2. Interlogix does not oppose the motion. Non-party Microchip Technology, Inc. ("Microchip") moves for leave to file an *amicus* brief in order to oppose vacating the order construing the '364 patent to apply only to a garage door opener. Microchip is currently litigating the validity of the '364 patent against Chamberlain in a declaratory judgment action in another federal district court. *Microchip Technology Inc. v. The Chamberlain Group, Inc.*, No. Civ. 01 1423 PHX SRB (D. Ariz.). Microchip seeks to use this court's finding that Claim 5 of the '364 patent is limited to a garage door opener under the doctrine of issue preclusion or collateral estoppel.

1

As an initial matter, Microchip's motion for leave to file an *amicus curiae* brief should be granted. Permitting an *amicus curiae* brief is discretionary. *National Organization for Women, Inc. v. Scheidler, et al.*, 223 F.3d 615, 616 (7th Cir. 2000). The Seventh Circuit has cautioned against *amicus* briefs that do not "assist the judge . . . by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs." *Voices for Choices, et al. v. Illinois Bell Telephone Co.*, 339 F.3d 542, 545 (7th Cir. 2003). An *amicus* brief should only be permitted in "a case in which a party is inadequately represented; or in which the would-be amicus has a direct interest in another case that may be materially affected by a decision in this case; or in which the amicus has a unique perspective or specific information that can assist the court beyond what the parties can provide." *Id. See also National Organization for Women, Inc.*, 223 F.3d at 617; *Ryan v. Commodity Futures Trading Comm.*, 125 F.3d 1062, 1063 (7th Cir. 1997).

Given this standard, Microchip's *amicus* brief must be considered. Chamberlain's own motion identifies Microchip as a directly interested party that may be materially affected by this court's decision. Pl. Mot. at 2 ("Chamberlain has filed this motion to vacate because a third party in a declaratory judgment action requested another district court to grant summary judgment of no infringement of the '364 patent by adopting this Court's claim construction under the doctrine of issue preclusion or collateral estoppel"). Chamberlain's attack on Microchip's standing to bring a declaratory judgment action is belied by Chamberlain's lack of success in moving to dismiss the action. Pl. Resp. Ex. 1 at 25 ("th[e Arizona] Court has denied Chamberlain's motions to dismiss"). Contrary to Chamberlain's position, Microchip's interest need not be sufficient to intervene pursuant to Fed. R. Civ. P. 24. *Ryan*, 125 F.3d at 1063 ("an amicus brief should normally be allowed when . . . the amicus has an interest in some other case that may be affected . . . though not

enough affected to entitle the amicus to intervene and become a party in the present case"). Moreover, Microchip's *amicus* brief identifies relevant authority that Chamberlain neglected to mention, let alone analyze, in its motion to vacate.

*Vacatur* upon settlement is disfavored in this Circuit. *In re Memorial Hosp. of Iowa City, Inc.*, 862 F.2d 1299 (7th Cir. 1988); *Nilssen v. Motorola, Inc.*, Nos. 93 C 6333, 96 C 5571, 2002 WL 31369410 (N.D. Ill. 2002); *Pivot Point Int'l, Inc. v. Charlene Products, Inc., et al.*, No. 90 C 6933, 2002 WL 1484488 (N.D. Ill. 2002); *Allen-Bradley Co. v. Kollmorgen Corp.*, 199 F.R.D. 316 (E.D. Wis. 2001); *Krolikowski v. Volanti*, No. 95 C 1254, 1996 WL 451307 (N.D.Ill. 1996). A motion to vacate a grant of summary judgment is not treated differently than judgment after trial or a Markman hearing. *Aqua Marine Supply v. Aim Machining, Inc.*, 247 F.3d 1216, 1221 (Fed. Cir. 2001) (*vacatur* of district court's grant of summary judgment on patent infringement claims denied); *Home Indemnity Co. v. Farm House Foods Corp.*, 770 F.Supp. 1348, 1350 (E.D. Wis. 1991) (joint motion to vacate partial summary judgment denied). *Vacatur* is appropriate only under exceptional circumstances. *Aqua Marine*, 247 at 1221; *Nilssen*, 2002 WL 31369410 at * 4. The purportedly exceptional circumstances identified by Chamberlain are nothing more than common circumstances occasioned by a settlement.

Chamberlain argues it should not be saddled with this court's reversible error in construing the '364 patent. Pl's Opp. Mem. at 11. However, in lieu of settlement, Chamberlain could have pursued appellate review of this court's summary judgment order. Chamberlain chose instead to voluntarily abandon its appeal rights in favor of settlement.[1] Under these circumstances, *vacatur*

---

[1] Chamberlain could have pursued its Rule 59(e) motion to vacate construction of the '364 patent. Pl. Mot. Vacate, 8/14/02, Doc. No. 198. Instead, Chamberlain filed a notice of appeal prior to this court's decision, thereby abandoning its motion to pursue appellate review. Pl. Notice, 8/30/02, Doc. No. 209.

3

is unwarranted. *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 115 S.Ct. 386, 392 (1994) ("by appeal . . . parties may seek relief from the legal consequences of judicial judgments. [A] party who steps off the statutory path to employ the secondary remedy of *vacatur* as a refined form of collateral attack on the judgment . . . disturb[s] the orderly operation of the federal judicial system"). Nor is it relevant that the Federal Circuit remanded this action. Chamberlain's unopposed motion for remand was granted "for the purpose of allowing the district court *to consider* the parties' motion to vacate its judgment." Fed. Cir. Order, 09/04/03, Doc. No. 221 (emphasis added).

Chamberlain argues that Microchip's potential use of offensive collateral estoppel warrants *vacatur*. This argument is meritless. The preclusive effect of litigation strongly militates against vacating a judgment. *Memorial Hosp.*, 862 F.2d at 1302; *Pivot Point*, 2002 WL 1484488 at *1. Chamberlain may challenge the preclusive effect of this court's construction of '364 patent in the Arizona litigation before the Arizona court. However, this court may not wrest this determination from the Arizona court. *Pivot Point Int'l, Inc.*, 2002 WL 1484488 at *1. The summary judgment order may not be expunged merely to facilitate the parties' private agreement. *Memorial Hosp.*, 862 F.2d at 1300. Accordingly, Chamberlain's motion to vacate is denied.

May 27, 2004                                   ENTER:

                                               *[signature]*
                                               Suzanne B. Conlon
                                               United States District Judge